UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALERIE L. FLORES,

                Plaintiff,

-against-

AMERICAN FAMILY INSURANCE; MATT
ADAMS, OWNER OF MATT'S MOVERS;
PAT ADAMS, OWNER OF PAT'S MOVERS;
REP WEST INSURANCE,

                Defendants.

23-CV-3683 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who provides a post office box in Albany, New York, as her mailing address, brings this *pro se* action under the court's diversity of citizenship jurisdiction, alleging that on September 24, 2021, and November 13, 2021, Defendants, while moving Plaintiff's personal belongs, caused damage to several of Plaintiff's items. Named as Defendants are American Family Insurance, located in Madison, Wisconsin; Matt Adams, Owner of Matt's Movers, located in Madison, Wisconsin; Pat Adams, Owner of Pat's Movers; and Rep West Insurance, located in Phoenix, Arizona. Plaintiff does not provide an address for Defendant Pat Adams. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Wisconsin.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on September 24, 2021, and November 13, 2021, Defendants damaged some of her personal belongings while moving the items. She does not plead the residence of any of the Defendants, but she provides the locations of the businesses and asserts that the alleged events giving rise to her claims occurred in Madison and Columbus, Wisconsin. Because Defendants are employed in Madison and Columbus, Wisconsin, and the alleged events occurred in Madison and Columbus Wisconsin, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Madison and Columbus, Wisconsin, which are in Dane and Columbia counties, both of which are located in the Western District of Wisconsin. *See* 28 U.S.C. § 130(b).

Accordingly, venue lies in the Western District of Wisconsin, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Wisconsin, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Wisconsin. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 2, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge